ORRIN M. MORE, Appellant, *v.* ANDREW MORE, Respondent.

*N. Y. Supreme Court, Fifth Department, General Term, April* 12, 1889.

*Will, Construction.*—The language of a will which authorizes the executor to lease all the rest of the real estate, except so much as the testator's wife may elect to occupy herself, and collect the rents, and pay them to the widow annually for her use, signifies a personal occupancy by the widow, in order to divest the executor of control, and cannot be construed to mean, "so much as she may elect to occupy by agents and attorneys appointed by her, and by tenants of their selection."

Appeal from a judgment entered on the findings and decision of a judge at the circuit.

*H. C. Kingsbury,* for appellant.

*E. D. Cummings*, for respondent.

DWIGHT, J.—The action was ejectment, brought by the executor of the will of Jesse B. More, which contained the following provision : " First, after all my lawful debts are paid and discharged, I give and bequeath my wife, Anna, the use of all the property I die possessed of, of whatever name or nature, real or personal, during her natural life, that is to say, the personal property to be invested in good securities and the real estate to be rented, except so much as my said wife may elect to occupy herself, and the interest and rent accruing from the same, I authorize my executors, hereinafter appointed, to invest and rent, except as above, and pay said rent and interest to my said wife, annually, for her use and benefit during her life." A second provision of the will authorizes the executors, after the death of the widow, to sell the real estate and divide the proceeds between the children of the testator, who are named herein.

The testator died November 16, 1883, at Mina, in Chautauqua county, where the farm in question was situated ; the will was proved on the 19th of the same month, and on the 20th, the widow removed to Walton, in Delaware county, to live with a daughter, declaring her intention not to occupy the farm, and directing the executor to rent it. She continued to reside in Walton when this action was commenced.

The executor proceeded at once to rent the farm and it was in the occupancy of a tenant of his when, in November, 1885, without his consent, the defendant took possession.

In doing so the defendant claimed to act under two powers of attorney, executed by the widow, which purported to authorize him to take possession of the farm and occupy it for her, and to lease all or any portion of it, and to collect the rents for her use. After the execution of the powers of attorney and before the defendant took possession, a notice in the name of the widow, was served on the plaintiff, to the

effect that she elected to occupy the premises described in the complaint. The court found that at the time of the commencement of the action she was occupying the premises through her attorney and agent, the defendant in the action, and that the defendant was, thus, in the lawful possession of the premises; and the complaint was dismissed on that ground.

The question of the right of the plaintiff to maintain the action is not discussed in the briefs of counsel, nor referred to in the findings of the court. It seems to be conceded that, as the donee of a power in trust, coupled with an interest, viz: to receive the rents and profits, the executor was entitled to the possession of such portions of the lands devised as came within the scope of the power; and the question presented is whether, under the will and upon the facts stated, the power was operative in respect to the premises described in the complaint.

The answer to that question depends upon the construction to be given to the provision of the will above quoted. Did it except from the operation of the power, given to the executor, all such portions of the real estate as the widow should elect to occupy by proxy, and to lease to others during her life, or only such portions as she should elect to occupy in person?

In this respect, we think the conclusion of the learned judge at the circuit was error. The language of the will is: "Except so much as my said wife may elect to occupy herself." All the rest of the real estate devised was to be rented by the executor; and the rents were to be collected by him and paid to the widow annually for her use.

The scheme of the will was to commit to the judgment and discretion of the executor the selection of tenants and the imposition and collection of rents, for all those portions of the real estate which the widow should not " occupy herself." The construction given to the will by the judgment below defeats this purpose of the testator, and leaves to the

choice of the widow, and of agents selected by her, the important duty which, by the will, was entrusted to the exeoutor.

More narrowly the question may be stated, whether the words of the will "except so much as my said wife may elect to occupy herself," can be construed to mean, "so much as she may elect to occupy by agents and attorneys appointed by her, and by tenants of their selection."

We think the language employed was well chosen to signify a personal occupancy by the widow, and that considered in connection with the general purport of the provision, it bears no other reasonable construction.

Such being the case the possession of the defendant, under appointment by the widow, was unauthorized and unlawful, and the plaintiff was entitled to recover the possession of the premises for the uses and purposes defined by the will.

The judgment should be reversed, and a new trial granted.

All concur.